IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | No. 5:13-CV-82 (CAR) |
| $12,000.00 IN UNITED STATES : | |
| FUNDS, : | |
|     Defendant Property, : | |
| : | |
| MISAEL RAMON MENES-LAZANO, : | |
|     Claimant. : | |
| _____ : | |

### ORDER ON MOTIONS TO STRIKE AND FINAL ORDER OF FORFEITURE

Before the Court is the Government's Motion and Renewed Motion to Strike the Responsive Pleadings of Claimant Misael Ramon Menes-Lazano and for Issuance of a Final Order of Forfeiture [Docs. 14 & 18]. For the reasons set forth below, the Government's first Motion [Doc. 14] is **TERMINATED as moot**, and the Renewed Motion [Doc. 18] is **GRANTED**.

### BACKGROUND

On March 7, 2013, the Government filed a Verified Complaint for Forfeiture against the Defendant Property to enforce the provisions of Title 21, United States Code, Section 881(a)(6) for the forfeiture of property which constitutes money furnished or intended to be furnished in exchange for a controlled substance. On March 12, 2013, copies of the Notice of Forfeiture, Verified Complaint for Forfeiture, and Warrant of

Arrest in Rem were served on Claimant Misael Ramon Menes-Lazano.  On March 14 and March 15, 2013, copies of the same documents were also served on potential claimants David Torres (individually and in care of Beijing Chinese Restaurant), Edgar Meneses, and Luisa Del Carmen Gonzalez.

Pursuant to the Warrant of Arrest in Rem issued by this Court, the Defendant Property was arrested and seized on March 12, 2013, by the United States Marshal Service.  From March 20, 2013, until April 18, 2013, notice of this forfeiture was published online in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules").[1]

Under 18 U.S.C. § 983(a)(4)(A) and Supplemental Rules G(4) and G(5), all claimants are required to file their claims with the Clerk of the Court within thirty-five (35) days after service of the complaint, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture website, whichever occurred first.  On April 11, 2013, Claimant filed a timely Claim and Answer to the Verified Complaint, asserting an interest in the Defendant Property.  No other claims or answers were filed by the other potential claimants within the prescribed time period.

On August 12, 2013, the Government sent Special Interrogatories pursuant to Supplemental Rule G(6) to Claimant through his counsel of record.  Claimant's counsel received the discovery request on August 13, 2013, but Claimant never responded.  On

---

[1] Declaration of Pub. [Doc. 8].

September 11, 2013, the Government sent a letter to Claimant's counsel informing him that responses to the discovery request were passed due. Despite these efforts, no written response to the Special Interrogatories was forthcoming.

Then, on May 15, 2014, the Government filed the first Motion presently before the Court, requesting that the Court (1) strike Claimant's responsive pleadings because Claimant failed to respond to the Special Interrogatories and (2) issue a final order of forfeiture. In response to the Motion, Claimant retained new counsel and filed a Motion for an Extension of Time to either respond to the Government's Motion or submit responses to the Special Interrogatories. The Government did not object to Claimant's request for additional time to respond to the Special Interrogatories and indicated that, if the Court granted the extension, the Government would withdraw its Motion.

On June 27, 2014, the Court granted Claimant's request for additional time to respond to the Special Interrogatories. In that order, the Court gave the parties an additional 30 days, up to and including July 27, 2014, in which to complete all remaining discovery. Despite the extension, Claimant did not submit responses to the Special Interrogatories as directed. Accordingly, on September 3, 2014, the Government renewed its Motion to Strike and for Issuance of a Final Order of Forfeiture. Claimant's counsel responded and admitted that Claimant did not respond to the Special Interrogatories. Claimant's counsel further represented that, despite two attempts, he

3

was unable to contact his client in order to adequately respond to the Government's discovery request.

## DISCUSSION

As a preliminary matter, the Court notes that its prior order granting Claimant's request for additional time to respond to the Special Interrogatories rendered the Government's first Motion to Strike and for Issuance of a Final Order of Forfeiture moot. As such, that Motion [Doc. 14] is now **TERMINATED**. In light of Claimant's failure to respond within the additional time allowed by the Court, however, the relief sought in the Government's Renewed Motion is due to be granted.

Supplemental Rule G(6) provides that "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed."[2] This rule further provides that "[a]nswers or objections to these interrogatories must be served within 21 days after the interrogatories are served."[3] If a claimant fails to comply with Supplemental Rule G(6), the Government may move to strike a claim or answer any time before trial pursuant to Supplemental Rule G(8)(c)(i)(A).[4]

---

[2] Supp. Rule G(6)(a).
[3] Supp. Rule G(6)(b).
[4] *See United States v. $85,000.00 in U.S. Currency*, No. CIV. WDQ-10-0371, 2010 WL 5087910, at *2 (D. Md. Dec. 7, 2010) (granting the Government's motion to strike claim because claimant failed to answer interrogatories served

Here, Claimant's responses to the Special Interrogatories were due by September 3, 2013.  To date, over a year past the original deadline and despite the Court's generous extension, Claimant has not submitted responses to the Government's discovery request, nor has he offered a reason for failing to do so.  Therefore, the Government's Renewed Motion to Strike [Doc. 18] is **GRANTED**, and it is hereby **ORDERED** that the Claim and Answer of Claimant Misael Ramon Menes-Lazano [Docs. 6 & 7] be **STRICKEN** from the record pursuant to Supplemental Rule G(8)(c)(i)(A).

In addition, the Government seeks the issuance of a final order of forfeiture.  The Verified Complaint for Forfeiture states a factual and legal basis for forfeiture under 21 U.S.C. § 881(a), and the Government has complied with all the applicable notice and publication requirements.  Apart from Claimant's stricken pleadings, no other claim or answer has been filed by any other potential claimant, and the time for filing a claim or answer has now expired.

For these reasons, the Court finds that the Defendant Property is subject to forfeiture.  Thus, the Government's Renewed Motion for Issuance of a Final Order of Forfeiture [Doc. 18] is **GRANTED**.  It is hereby **ORDERED** that all right, title, and interest in the Defendant Property is hereby forfeited and vested in the United States,

---

pursuant to Supplemental Rule G(6)); *United States v. $2,409.00 in U.S. Currency*, No. WDQ-10-CV0220, 2010 WL 2670982, at *1 (D. Md. June 24, 2010) (same); *United States v. $27,970.00 in U.S. Currency*, No. CIV.1:09-139, 2010 WL 933762, at *1 (S.D. Ga. Mar. 16, 2010) (same).

which shall have clear title to this property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law.

    **SO ORDERED**, this 21st day of November, 2014.

                                      <u>S/  C. Ashley Royal</u>
                                      C. ASHLEY ROYAL
                                      UNITED STATES DISTRICT JUDGE

ADP